The opinion of the court was delivered by
Spencer, J.
This case was before us at the July term, 1877, and was remanded. See 29 A. p. 539.
It is a suit on four promissory notes, executed by the deceased, in favor of the plaintiffs, in the course of business between them — which course of business consisted in plaintiffs selling and furnishing to defendant carriages, wagons, etc., of their manufacture, from time to time as ordered by him, and remittances by defendant at like periods of sums of money in payment. Plaintiffs, from October, 1868, when these transactions began, to the close thereof, sold and shipped defendant goods of the character stated to an amount of nearly $7000, as shown by the accounts and proofs in this case. Defendant was to pay for goods at four months time, and for some of these invoices and in settlement of account he executed the notes in question, to wit: one for $821, due February 10-13, 1869 ; one for $899, due March 12-15,1869 ; one for $510, due June 11-14, 1872, and one for $500, due March 7-10, 1873. These notes so given, save and except the first one, at no time equaled the amount due *1226 plaintiffs on account; crediting them on the account, there always existed considerable and sometimes large balances due plaintiffs.
There is no room, under the evidence in this case, to doubt that plaintiffs furnished every dollar of the goods charged in their accounts ; nor is there more doubt as to the amounts of money remitted by the defendant, as payments of his indebtedness. The whole transaction is laid bare by the correspondence between the parties, and the other proofs in the record. The only real contest is that as to the imputation of these payments; plaintiffs contending that they should be made to the open or book account, and defendant’s administratrix that they should be-made to the notes. Plaintiffs sue on the notes, and defendant pleads payment. We may here remark tbat we do not think defendant’s bill of' exceptions to the depositions of plaintiffs as witnesses in their own behalf, taken under commission, is well taken. The law makes them competent witnesses, and we know no rule which excludes them from the-right to take their own testimony like that of other witnesses. When witnesses reside out of the parish, their evidence may be taken under commission. The law does not except parties to the suit.
There can be no doubt of the correctness of the proposition, that in the absence of an agreement, or of circumstances indicating a contrary intention, payments should be imputed, on debts due, rather than on those not due ; and of debts due, to those most onerous in preference to those less onerous. It is equally well settled that, as a general proposition, notes create a more onerous debt than open accounts.
It only remains for us to examine how -far those principles-have been varied in this case by the agreement's or consents of parties expressed or implied from the circumstances and course of dealing between them.
The correspondence between these parties shows that the $500 remitted by Hunsicker, and received by plaintiffs on February 22,1869, was applied as a payment on the $821 note. It is so expressly stated by plaintiffs in their letter of that date, signed by their clerk, McG-raw, and in which they urge their debtor to send forward the balance, $321, and $5 41 protest fees. Plaintiffs say in their testimony this letter was unauthorized by them ; but on the 18th March following the firm itself writes to Hunsicker, urging him to remit the balance, $326 41, due on that note.
On February 24th, 1870, plaintiffs write Hunsicker an urgent letter, saying his debt to them exceeds $4000, and that he must at once remit them at least $3000. On April 13th, 1870, they send him a statement of' his account showing on first April a balance against him on “ book account” of $3256 41. They add memorandum of the note for $899, and of a separate account of Kendall, for harness bought for Hunsicker, *1227 $284, showing, therefore, a total indebtedness of $4439 41. On June 24th, 1870, Hunsieker acknowledges receipt of the account, and makes earnest, •protestations of his wishes and anxiety to pay. In this statement of the “ book account ” the note for $821 is charged to Hunsieker and the $500 above referred to is credited. But the $899 note does not figure in it,, but is added as a memorandum at the bottom. Hunsicker’s credits by “ cash ” on this book account amount to $2250, and the last item thereof is $200, on 2d March, 1870. By this account this sum of $2250 was imputed to Hunsicker’s “ book account,” into which had been carried his note for $821. As we have seen, he received this account and made-no objection to the application of the payments. This amounted to a-consent on his part.
On August 1st, 1871, plaintiffs furnished Hunsieker another statement of accounts, which is a mere continuation of that of April 1st, 1870, and on which they credit him with additional “cash” remittances amounting to $1050, and also with a note (of one Ealk, we presume,) for $200. The $899 note is not charged in this account, but is again added as a memorandum below the “ balance on the book account.” Hun-sicker’s letter of August 21st, 1871, shows that he received this statement of accounts also, for he says, “you sent me a statement some time-back, but I have mislaid it. Please send me another, and I will try again, and see whether I can not get you some money together.” H^re-again by the tacit consent of Hunsieker these $1050 were imputed to the “ book account.”
Plaintiffs’Tetters of July 15, and November 21, and December 10, 1872, show receipts of $450 in money, which they applied, as they state, as follows : $250 on the $510 note and $200 to the Ealk note, which they returned to Hunsieker.
The only other payments made which can be imputed to the notes are as follows : $150 on March 17th, 1873, and $100 on March 24th, 1873, as shown by receipts of those dates, in which it is specified that these-payments are on account of notes.
In Hunsicker’s letter of date April 30th, 1873 — only a short time before his death — he clearly recognizes that plaintiffs are the holders of more than one of his notes which were due and unpaid. In the face of that letter, and of the proofs in this record, it can not be affirmed that plaintiffs are seeking to defraud his estate. Under the terms of that-letter and of the facts detailed above it would be exceedingly inequitable, as well as contrary to the proofs, to impute all his payments to his notes. We hold, therefore, that the payments must be imputed.to the accounts-between the parties, except in so far as the facts and circumstances indicate expressly a different intention ; for we think the payments were to be so imputed, by the tacit agreement of the parties, as disclosed by *1228 their dealings and correspondence referred to. The first note for $821 we think has been extinguished by payment and merger into account. The note for $510 is entitled to a credit of $250, of date say July 15th, 1872, and to the other note for $899, being oldest, we will impute the payments of $150 of date March 17th, 1873, and $100 of date March 24th, 1873 — -reserving plaintiffs’ rights to claim any amounts that may be due -on open or book account by suit hereafter.
It is therefore ordered, adjudged, and decreed that the judgment ■appealed from be amended so as to read as follows: “ That plaintiffs, McLear & Kendall, do have and recover of the succession of Jay L. Hunsicker, deceased, the sum of ($899) eight hundred and ninety-nine ■dollars, with eight per cent interest thereon from fifteenth day of March, 1869, subject to credits of ($150) one hundred and fifty dollars, as of date 17th March, 1873, and of one hundred dollars, as of date 24th March, 1873. That they also recover the further sum of five hundred ■and ten dollars with six per cent interest from 14th June, 1872, subject to a credit of two hundred and fifty dollars, as of date July 15th, 1872. That they also recover the further sum of five hundred dollars with six per cent interest from 10th day of March, 1873, together with all costs ■of. suit. And it is further ordered that plaintiffs’ right to sue for any amount due them on “book account” bo reserved, and that defendant pay the costs of this appeal.
Rehearing refused.